**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

| | | |
|---|---|---|
| GEORGIA GAMING INVESTMENT, LLC, and TENNESSEE HOLDING INVESTMENTS, LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File |
| v. | ) | |
| | ) | No. ____________________ |
| CHICAGO TITLE AND TRUST COMPANY, | ) | Removed from: |
| | ) | Shelby County Chancery Court |
| Defendant. | ) | Civil Action No. CH-20-1385-I |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Chicago Title and Trust Company ("Chicago Title" or "Defendant") hereby gives notice that, in accordance with 28 U.S.C. § 1332, 1441, and 1446, it removes the above-styled action to the United States District Court for the Western District of Tennessee. In support, Chicago Title respectfully shows the following:

**THE REMOVED STATE COURT ACTION**

1. On November 5, 2020, Plaintiffs filed a Complaint (the "Complaint") initiating that civil action styled *Georgia Gaming Investment, LLC and Tennessee Holding Investments, LLC v. Chicago Title and Trust Company*, in the Chancery Court of Shelby County, Tennessee, Civil Action File No. CH-20-1385-I ("State Court Case").

2. On November 10, 2020, Plaintiffs served Chicago Title with a copy of the Complaint via service on the Secretary of State of Tennessee.

3. The Complaint alleges that, in accordance with an escrow agreement between and

signed by The Majestic Star Casino, LLC ("Majestic Star"), and The Porter Casino Resort, Inc. ("Porter Casino"), with Chicago Title serving as escrow agent, Plaintiffs wired to Chicago Title $1,500,000.00. The escrow agreement required Chicago Title to disburse the funds only in accordance with "a joint order of the undersigned[, i.e., Majestic Star and Porter Casino,] or their respective legal representatives or assigns." After Chicago Title disbursed the funds in accordance with a joint order of Majestic Star and Porter Casino, Plaintiffs filed this action, alleging that Chicago Title wrongfully disbursed the funds and seeking a judgment against Chicago Title in the amount of $1,500,000.00.

**GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

4. Federal courts have subject matter jurisdiction over civil suits between citizens of different states if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

5. Georgia Gaming Investment, LLC ("Georgia Gaming"), is a limited liability company. (See Compl., ¶ 1.) Under § 1332, a limited liability company's citizenship is synonymous with the citizenship of its members. *Rolling Green MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 2011 (11th Cir. 2004). As shown by the Affidavit of Sandip Patel filed in this Court on July 11, 2018, in the action styled *The Porter Casino Resort, Inc. v. Georgia Gaming Investment, LLC et al.v Chicago Title and Trust Company et al.*, Civil Action No. 2:18-cv-02231-SHM/DKV (the "Prior Action"), a true and correct copy of which is attached hereto as **Exhibit 1**, Sandip Patel and Shiraz Saleem are the sole members of Georgia Gaming and are citizens of Georgia for purposes of § 1332. Therefore, Georgia Gaming is a citizen of Georgia for purposes of § 1332.

6. Tennessee Holding Investments, LLC ("Tennessee Holding") is also a limited liability company. (See Compl., ¶ 2.) As shown by the Affidavit of Harshad Patel filed in the Prior Action on July 11, 2018, a true and correct copy of which is attached hereto as **Exhibit 2**, Harshad Patel is the sole member of Tennessee Holding and is a citizen of Georgia for purposes of § 1332. Therefore, Tennessee Holding is a citizen of Georgia for purposes of § 1332.

7. Chicago Title is not a citizen of Georgia but of Illinois and Florida. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). As alleged in the Complaint, Chicago Title is incorporated in Illinois. (See Compl., ¶ 3). Chicago Title's principal place of business is its "nerve center", "the place where [its] officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). None of Chicago Title's officers is located in Tennessee. The activity of its officers with respect to their direction of Chicago Title and Trust is coordinated out Florida. *See* Declaration of Madeline G.M. Lovejoy attached hereto as **Exhibit 3.** Therefore, Chicago Title is a citizen of Illinois and Florida, not of Tennessee.

8. In summary, Plaintiffs are citizens of Georgia, but Chicago Title is not, making the parties completely diverse under § 1332.

9. Plaintiffs seek $1,500,000.00 in damages, (see Compl., ¶¶ 7, 15) exceeding the $75,000 jurisdictional threshold. See 28 U.S.C. § 1332.

**VENUE**

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(b) and 1441(a) because the United States District Court for the Western District of Tennessee, Memphis Division, is the

federal district embracing the Chancery Court of Shelby County, where this action was originally filed.

**TIMELINESS OF REMOVAL**

11. In accordance with 28 U.S.C. § 1446(b), Chicago Title files this Notice of Removal within 30 days of its receipt of the Complaint.

**ATTACHMENT OF STATE COURT PLEADINGS**

12. Chicago Title has complied with 28 U.S.C. § 1446(a) by attaching as **Exhibit 4** copies of the process, pleadings, and orders served on Chicago Title in the State Court Action.

**NOTICE OF REMOVAL GIVEN TO THE STATE COURT**

13. Chicago Title has attached as **Exhibit 5** a copy of the Notice to State Court of Removal. Promptly after filing this Notice with the Clerk of this Court, Chicago Title will file a copy of the attached Exhibit 5 with the Clerk and Master of the Chancery Court of Shelby County, State of Tennessee, and serve that notice on Plaintiffs' counsel of record as required by 28 U.S.C. § 1446(d).

**RESERVATION OF RIGHTS**

14. For the avoidance of doubt, Chicago Title does not waive any rights by filing this Notice of Removal and instead expressly reserves all rights.

WHEREFORE, having satisfied the requirements of removal under 28 U.S.C. §§ 1441 and 1446, Defendant removes the suit to the United States District Court, Western District of Tennessee, Memphis Division.

Respectfully submitted this 8th day of December, 2020.

FIDELITY NATIONAL LAW GROUP

*/s/ Brian Linkowski*
Lawrence W. Kelly*
BPR No. 019229
Brian Linkowski**
BPR No. 028640
*Attorneys for Defendant*

4170 Ashford Dunwoody Road
Suite 475
Atlanta, Georgia 30319
Direct: (770) 325-4835*
(770) 325-4844**
Fax: (404) 479-2591
Email: Lawrence.Kelly@fnf.com
Brian.Linkowski@fnf.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** to be served by having same placed in the United States Mail, postage prepaid, addressed as follows:

John R. Anderson
Harry R. Cash
Grant Konvalinka & Harrison, P.C.
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450
*Attorney for Plaintiffs*

This 8th day of December, 2020

*/s/Brian Linkowski*
Brian Linkowski