Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THE PORTER CASINO RESORT, INC. | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-cv-02231-SHM/dkv |
| | § | |
| GEORGIA GAMING INVESTMENT, LLC, and TENNESSEE HOLDING INVESTMENTS, LLC | § | |
| | § | |
| DEFENDANTS | § | |

**AFFIDAVIT OF HARSHAD PATEL**

Personally appeared before me, the undersigned attesting authority, on this day came Harshad Patel ("Deponent") who, after being duly sworn, and upon oath, deposed and said as follows:

1.

Deponent is above the age of 18 years, is laboring under no disabilities, is personally familiar with the facts recited herein and is otherwise competent to make this Affidavit.

2.

Deponent makes this Affidavit in response to the directive contained in the Court's Order entered on June 28, 2018, requiring the submission of evidence

regarding the identity and residence of the owners of membership interests in and to the Defendant Tennessee Holding Investments, LLC.

3.

Tennessee Holding Investments, LLC is a duly formed and existing Limited Liability Company organized and existing under the laws of the State of Georgia. Attached to this Affidavit as Exhibit "A" collective are the Certificate of Organization, Articles of Organization and Operating Declaration of Tennessee Holding Investments, LLC.

4.

The principal address of Tennessee Holding Investments, LLC is 7731 Nashville Street, Ringgold, Catoosa County, Georgia 30736. The Registered Address of 7731 Nashville Street, Ringgold, Catoosa County, Georgia 30736.

5.

Deponent is the Sole Member and Owner of Tennessee Holding Investments, LLC. The Membership Certificate, Share Subscription Agreement and Written Consent/Resolutions of Tennessee Holding Investments, LLC confirming that Deponent is its Sole Member and Owner are attached to this Affidavit and made a part hereof as Exhibit "B" collective. A copy of Deponent's Driver's License is attached hereto as Exhibit "C".

6.

Deponent is an individual resident of the State of Georgia. Deponent's residence address in the State of Georgia is 390 Lakeshore Cove, Fort Oglethorpe, Catoosa County, Georgia 30742.

Further Deponent saith not.

Harshad Patel

Sworn to and subscribed before
me this 5th day of July, 2018.

Notary Public

My Commission Expires: 8/9/2018

Control Number : 17094183

# STATE OF GEORGIA

## Secretary of State

Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

### CERTIFICATE OF ORGANIZATION

I, **Brian P. Kemp**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Tennessee Holding Investments, LLC**
**a Domestic Limited Liability Company**

has been duly organized under the laws of the State of Georgia on **08/25/2017** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **08/31/2017**.

STATE OF GEORGIA 1776

Brian P. Kemp
Secretary of State

EXHIBIT
A
tabbies

ARTICLES OF ORGANIZATION

*Electronically Filed*
Secretary of State
Filing Date: 8/25/2017 11:17:09 AM

**BUSINESS INFORMATION**

| | |
|---|---|
| CONTROL NUMBER | 17094183 |
| BUSINESS NAME | Tennessee Holding Investments, LLC |
| BUSINESS TYPE | Domestic Limited Liability Company |
| EFFECTIVE DATE | 08/25/2017 |

**PRINCIPAL OFFICE ADDRESS**

| | |
|---|---|
| ADDRESS | 7731 Nashville Street, Ringgold, GA, 30736, USA |

**REGISTERED AGENT'S NAME AND ADDRESS**

| NAME | ADDRESS |
|---|---|
| C Chad Young | 7731 Nashville Street, Catoosa, Ringgold, GA, 30736, USA |

**ORGANIZER(S)**

| NAME | TITLE | ADDRESS |
|---|---|---|
| Chad Young | ORGANIZER | 7731 Nashville Street, Ringgold, GA, 30736, USA |

**OPTIONAL PROVISIONS**

N/A

**AUTHORIZER INFORMATION**

| | |
|---|---|
| AUTHORIZER SIGNATURE | Chad Young |
| AUTHORIZER TITLE | Organizer |

# TENNESSEE HOLDING INVESTMENTS, LLC, OPERATING DECLARATION

This operating declaration (this "Operating Declaration") of TENNESSEE HOLDING INVESTMENTS, LLC (the "Company"), effective as of the 25th day of August, 2017, is made by Harshad Patel, as the sole member (the "Member").

## Recitals

WHEREAS, the Member desires to form TENNESSEE HOLDING INVESTMENTS, LLC as a limited liability company under the Georgia Limited Liability Company Act (O.C.G.A. Section14-11-100 et seq.), as amended from the time (the "Act");

WHEREAS, the Member desires to state this Operating Declaration, as set forth below; and

WHEREAS, this Operating Declaration is intended to constitute a written operating agreement within the meaning of O.C.G.A. Section 14-11-101 (18);

NOW, THEREFORE, the Member declares as follows:

1. *Formation.*

Effective with the filing of the Articles of Organization (the "Articles"), the Company shall constitute a limited liability company formed pursuant to the Act and other applicable laws of the State of Georgia. The Member shall, when required, file such amendments to or restatements of the Articles, in such public offices in the State of Georgia or elsewhere as the Member deems advisable to give effect to the provisions of the Operating Declaration and the Articles, and to preserve the character of the Company as a limited liability company.

2. *Name, Place of Business; Registered Office and Agent.*

The Company shall be conducted under the name of "TENNESSEE HOLDING INVESTMENTS, LLC" or such other name as the Member shall hereafter designate. The principal office and place of business of the Company shall be located at 7731 Nashville Street, Ringgold, Georgia, 30736. The initial registered agent for service of process at the registered office of the Company shall be C. Chad Young. The registered office of the Company shall be located at 7731 Nashville Street, Ringgold, Georgia 30736.

3. *Term.*

The term of the company shall commence with its formation and shall continue in existence until December 31, 2067, unless its existence is sooner terminated pursuant to the terms of this declaration.

Case 2:18-cv-02231-SHM-dkv Document 18 Filed 07/11/18 Page 7 of 23 PageID 129

4. *Purpose.*

The purposes of the Company are to:

(a) own, purchase, sell, rent, manage and/or hold real and personal property of any type or nature for investment purposes;

(b). to remodel, repair, construct improvements upon or otherwise improve any and all types of property owned or held by the Company;

(c) the doing of all kinds of public works, including grading and paving of roads, sidewalks and highways, the laying of water mains and sewers and installation of gas and electricity and other public utilities;

(d) to hold, own, lease, rent, sell and manage any real property which is necessary, customary , convenient or incident to the purpose set forth in paragraph (a) above;

(e) Accomplish any lawful business whatsoever which at any time appears to the Members to be conducive to or expedient for the protection or benefit of the Company and its property;

(f) Exercise all powers necessary to or reasonably connected with the Company's business which may be legally exercised by limited liability Company's under the act;

(g) Engage in all activities necessary, customary, convenient or incident to such purpose.

5. *Statutory Compliance.*

The Company shall exist under and be governed by, and this Operating Declaration shall by construed in accordance with, the applicable laws of the State of Georgia. The Member shall execute and file such documents and instruments as may be necessary or appropriate with respect to the information of, and the conduct of business by, the Company.

6. *Title to Company Property.*

All property shall be owned by the Company and, insofar as permitted by applicable law, the Member shall have no ownership interest in the property. Except as provided by law, an ownership interest in the Company shall be personal property for all purposes.

7. *Management.*

7.1 *Authority to Member.* The business and affairs of the Company shall be managed by the Member. Except as provided by applicable law, the Member shall have full and complete authority, power, and discretion to manage and control the business, affairs, and properties of the Company, to make all decisions regarding those matters, and to perform any and all other acts or activities customary or incident to the management of the Company's business. The signature of any one or more officers of the Member on any document or instrument purporting to bind the Company shall constitute conclusive evidence as to third parties of the authority of such person to execute such document or instrument on behalf of the Company and thereby so bind the Company.

7.2 *Duties of Member.*

7.2.1 The Member shall take all actions necessary or appropriate (i) for the continuation of the Company's valid existence as a limited liability company under the laws of the State of Georgia and of each other jurisdiction in which such existence is necessary to protect the limited liability of the Member or to enable the Company to conduct the business in which it is engaged, and (ii) for the accomplishment of the Company's purposes.

7.2.2 The Member shall devote to the Company such time as may be necessary for the proper performance of all duties of the Member under this Operating Declaration, but the Member shall not be required to devote full time to the performance of such duties and may have other business interests or engage in other business activities. The Member shall not incur liability to the Company or to the Member as a result of engaging in any other business or venture.

7.3 *Compensation.* Compensation of the Member for its management duties shall be fixed from time to time by the Member, absent which the Member shall serve without compensation.

8. *Rights and Obligations of the Member.*

8.1. *Limitation on Member's Liabilities.* The Member's liability shall be limited as set forth in this Operating Declaration, the Act, and other applicable law. The Member shall not be bound by, or be personally

liable for, the expenses, liabilities, or obligations of the Company beyond the amount contributed by the Member to the capital of the Company, except as provided O.C.G.A. Section 14-11-408 with regard to a wrongful distribution.

8.2 *Voting Rights.* Except as otherwise specifically set forth in this Operating Declaration, the Member shall have only the voting rights set forth in the Act.

8.3 *Action by Member Without a Meeting.* Any action required or permitted to be taken by the Member may be taken with or without the consents or other writings describing the action taken.

9. *Capital Contributions.*

The Member shall contribute such amounts or property as it may from time to time deem necessary or appropriate.

10. *Distributions.*

All distributions by the Company shall be made at the discretion of the Member.

11. *Books and Records.*

11.1 *Availability.* At all times during the existence of the Company, the Member shall keep or cause to be kept complete and accurate books and records appropriate and adequate for the Company's business. Such books and records, whether financial, operational, or otherwise, and including a copy of this Operating Declaration and any amendments, shall at all times be maintained at the principal place of business of the Company. The Member or such Member's duly authorized representative, subject to reasonable standards established by the Member governing what information and documents are to be furnished at what time and location and at whose expense, shall have the right at any time, for any purpose reasonably related to such Member's ownership interest, to inspect and copy from such books and documents during normal business hours.

11.2 *Reports.* The Member shall cause to be produced a profit and loss statement for, and a balance sheet as of the end of, each fiscal year.

11.3 *Tax Returns.* The Member shall cause an accountant to prepare all tax returns which the Company is required to file, if any, and shall file with appropriate taxing authorities all such returns in a manner required for the Company to be in compliance with any law governing the timely filing of such returns.

11.4 *Depositories.* The Member shall maintain or cause to be maintained one or more accounts for the Company in such depositories, as the Member shall select. All receipts of the company from whatever source received (but not belonging to the Company) shall be deposited to such accounts, and all expenses of the of the Company shall be paid from such accounts. All amounts so deposited shall be received, held, and disbursed by the Member only for the purposes authorized by this Operating Declaration. Unless otherwise determined by the Member, all signatories on any such account shall be bonded under a blanket commercial bond insuring the company against loss, and such accounts shall be insured against loss from forgery.

12. *Dissolution.*

12.1 *Events Causing Dissolution.* The Company shall be dissolved and its affairs wound up at such time as the Member determines that the Company should be dissolved, or whenever dissolution is required by law. Except as stated in the immediately preceding sentence, the provisions of O.C.G.A. Section 11-14-602 shall not apply.

12.2 *Liquidation of Property and Application of Proceeds.*

12.2.1. *Winding Up.* Upon the dissolution of the Company, the Member shall wind up the Company's affairs in accordance with the Act. In winding up the affairs of the Company, the Member is authorized to take any and all actions contemplated by the Act as permissible, including, without limitation:

(i) prosecuting and defending suits, whether civil, criminal or administrative;

(ii) setting and closing the Company's business;

(iii) liquidating and reducing to cash the property as promptly as is consistent with obtaining its fair value;

(iv) discharging or making reasonable provision for the Company's liabilities; and

(v) distributing the proceeds of liquidation and any undisposed property.

12.2.2 *Distribution of Proceeds.* Upon the winding up of the Company, the Member shall distribute the proceeds and undisposed property as follows:

(i) to creditors, including the Member if the Member is a creditor (to the extent and in the order of priority provided by law), in satisfaction of liabilities of the Company, whether by payment or the making of reasonable provisions for payment thereto; and

(ii) thereafter, to the Member.

IN WITNESS WHEREOF, the sole Member hereby makes this Operating Declaration as of the date first above written.

MEMBER:

By: Harshad Patel

1 ORGANIZED UNDER THE LAWS OF THE STATE OF GEORGIA 100

# Tennessee Holding Investments, LLC

## MEMBERSHIP CERTIFICATE

Exhibit "B"

This Certifies that Harshad Patel

is a member of the above named Limited Liability Company and is entitled to the full benefits and privileges of such membership, subject to the duties and obligations, as more fully set forth in the Limited Liability Company Operating Agreement.

In Witness Whereof, the Limited Liability Company has caused this Certificate to be executed by its duly authorized members this 25th day of August 2017.

and it's Limited Liability Company seal to be hereunto affixed.

MEMBER

Harshad Patel
MEMBER

© 1999 CORPEX BANKNOTE CO., BAY SHORE N.Y.

EXHIBIT B

*FOR VALUE RECEIVED*, ______________________ *hereby sells, assigns and transfers*

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

______________________________________

*unto* ______________________________ *the Membership Interest represented by the within Certificate, and does hereby irrevocably constitute and appoint* ______________________ *Attorney to transfer the said Membership Interest on the books of the within-named Limited Liability Company with full power of substitution in the premises.*

*Dated*, ______________________
*In presence of*

______________________
*(Member)*

______________________ ______________________
*(Member)*

The Securities have not been registered under the Georgia Securities Act of 1973, as amended, in reliance upon the exemption from registration set forth in Section 10-5-9(13) of such Act. In addition, these Securities have not been registered with the United States Securities and Exchange Commission in the Securities Act of 1933 provided by Section 4(2) thereof nor have they been registered with the Securities Commission of certain states in reliance upon certain exemptions from registration. These Securities have been acquired for investment purposes only and may not be offered for sale, pledged, hypothecated, sold or transferred except in compliance with the terms and conditions of this Agreement and in a transaction which is either exempt from registration under such Acts or pursuant to an effective registration statement under such Acts.

The Membership Interest represented by this certificate are held subject to, and transfer of such Interests is restricted by, the terms of the Operating Agreement adopted by the Company and its Members, as amended from time to time, copies of which are on file at the office of the Company. No transfer of any Share represented by this certificate shall be valid unless made in accordance with the terms of said Agreement.

August 25, 2017

TENNESSEE HOLDING INVESTMENTS, LLC

Re: Subscription for Interest

Dear Madam or Sir:

I hereby offer to purchase a membership interest, consisting of a 100% interest in the profits, losses, distributions, capital, and the right to vote and participate in the management of TENNESSEE HOLDING INVESTMENTS, LLC (the "Company"), a Georgia limited liability company, at and for the price of $1.00, payable upon demand.

Upon your acceptance of this offer, I will join in that Operating Agreement attached hereto as "Exhibit A" and incorporated herein by reference.

I acknowledge that this offer will be governed by and construed in accordance with the laws of the State of Georgia.

This offer will be binding upon me and my successors and assigns and, upon the Company's acceptance, will be enforceable for its benefit. I understand that I may not assign this offer or any rights I may have in connection with it.

Very truly yours,

______________________ (SEAL)
Harshad Patel

The foregoing offer is hereby accepted.

TENNESSEE HOLDING INVESTMENTS, LLC

By: ______________________
Harshad Patel

Dated: August 25, 2017

# SUBSCRIPTION AGREEMENT

August 25, 2017

To: TENNESSEE HOLDING INVESTMENTS, LLC

Dear Madam or Sir:

I hereby offer to purchase a one hundred percent (100%) interest (the "Interest") in TENNESSEE HOLDING INVESTMENTS, LLC, a Georgia limited liability company (the "Company"), including a 100% interest in the profits, losses, distributions, and capital of the Company. In exchange for the Interest in the Company, I shall contribute to the Company the property particularly set forth on Exhibit "A" which is attached hereto and made a part hereof. Any document or interest necessary to transfer ownership of the contributed property to the Company shall be executed and delivered within (30) days of the date of this Agreement. I understand that this subscription may be rejected in whole or in part, in the sole discretion of the Company.

This offer is made on the following terms:

1. *Representations and Warranties.* I hereby represent and warrant to the Company, its General Manager, and Members, that:

1.1. I am a citizen of the United States and am at least twenty-one (21) years of age.

1.2. I am a bona fide resident of the State of Georgia and maintain my principal residence at the address set forth at the end of this offer. I have no present intention of moving my principal residence to a different state or territory.

1.3. The Interest will be acquired by me for investment only, for my own account, and not with a view to resale, or offer for sale, or for sale in connection with the distribution or transfer thereof. The Interest is not being purchased for subdivision or fractionalization thereof; and I have no contract, undertaking, agreement, arrangement, or plans with any person or entity to sell, hypothecate, pledge, donate, or otherwise transfer to any such person or entity all or any part of the Interest.

1.4. My financial condition is such that I am under no present or contemplated future need to dispose of any portion of the Interest to satisfy any existing or contemplated undertaking, need, or indebtedness.

2. *Acknowledgment of Certain Facts.* I acknowledge my awareness and understanding of the following:

2.1. The purchase of the Interest is a speculative investment that involves a high degree

of risk of loss by me of my entire investment.

2.2. I have both the knowledge and experience in financial matters sufficient to evaluate the purchase of the Interest and am able to bear the economic risk of the purchase.

2.3. No federal or state agency has made any finding or determination as to the fairness for public investment, nor any recommendation or endorsement of, the Interest.

2.4. There are restrictions on the transferability of the Interest; there will be a limited market for the Interest; and, accordingly, it may not be possible for me to liquidate readily, or at all, my investment in the Company in case of an emergency or otherwise.

2.5. The Interest has not been registered under the Securities Act of 1933 (the "Act") or applicable state securities laws (the "State Acts"). It is the intent of the Company to operate its business so as not to require any such registration. This may limit significantly the transferability of the Interest.

2.6. The Interest has been acquired pursuant to an investment representation on my part and shall not be sold, pledged, hypothecated, donated, or otherwise transferred, whether or not for consideration, by me, except in compliance with the terms of the Operating Agreement.

2.7. The Company does not file, and does not in the foreseeable future contemplate filing, periodic reports in accordance with the provisions of paragraph 13 or 15(d) of the Securities Exchange Act of 1934, and the Company has not agreed to register any of its securities for distribution in accordance with the provisions of the Act or to take any actions respecting the obtaining of an exemption from registration for such securities or any transaction with respect thereto.

2.8. Any certificate representing the Interest which is issued by the Company shall be imprinted with a conspicuous legend in substantially the following form:

"The interest represented by this Certificate is subject to and may be transferred only in compliance with the provisions of an Operating Agreement dated August 25, 2017, a copy of which is on file at the Company's principal office."

3. *Compliance with Operating Agreement.* I agree that the Interest will not be transferable under any circumstances, except upon the conditions specified in this Section 3. I realize that by becoming a member of the Company, I must, prior to any transfer of the Interest, fully comply with the provisions of the Operating Agreement dated August 25, 2017, and give written notice to the Company expressing my desire to effect the transfer and describing briefly the proposed transfer. Upon receiving the notice, the Company shall present copies thereof to counsel of the Company; and, if the transfer is permitted thereunder, the applicable provisions of the Operating Agreement shall apply.

4. *Acknowledgment of Access to Records.* I acknowledge that I have been furnished and have reviewed the Articles of Organization and Operating Agreement of the Company and all

amendments to those documents. I acknowledge that all instruments, documents, records, books, and financial information pertaining to this investment have been made available for inspection by me and my professional advisors and that the books and records of the Company will be available upon reasonable notice for inspection by me during reasonable business hours at its principal place of business. I acknowledge that by contacting the Managers of the Company, I have the opportunity to ask questions and receive answers concerning the terms and conditions of the sale of the Interest and to obtain any additional information which the Company possesses or can obtain without unreasonable effort or expense that is necessary to verify information.

5. *Successors and Assigns.* This offer shall be binding upon me and shall inure to the benefit of the Company, its Managers and Members, and their respective heirs, personal representatives, successors, and assigns. Neither this offer nor any part of it is assignable by me.

6. *Tennessee Law* The terms and provisions of this offer and any dispute arising hereunder shall be governed by the law of the State of Georgia.

IN WITNESS WHEREOF, I have executed this offer the day and year first above written.

WITNESS:

[signature] [signature] (SEAL)
Harshad Patel

Address: 7731 Nashville Street
Ringgold, GA 30736

STATE OF GEORGIA to wit:
COUNTY OF CATOOSA

I HEREBY CERTIFY, that on this 25th day of August, 2017, before me, the subscriber, a Notary Public in and for the State of Georgia, personally appeared Harshad Patel known to me (or satisfactorily proven) to be the person who executed the foregoing, and acknowledged that the same is his/her act and deed.

WITNESS, my hand and Notarial Seal.

[signature]
Notary Public
My Commission Expires: 8-22-2019

The foregoing offer is hereby accepted as of the 25th day of August, 2017.

TENNESSEE HOLDING INVESTMENTS, LLC

By:____________________
Authorized Person

EXHIBIT "A"

$100.00 PAID IN CASH.

# WRITTEN CONSENT OF THE MEMBERS OF TENNESSEE HOLDING INVESTMENTS, LLC IN LIEU OF ORGANIZATIONAL MEETING.

The undersigned, constituting the sole member of TENNESSEE HOLDING INVESTMENTS, LLC, a Georgia Limited Liability Company (the "Company") in accordance with the provisions of O.C.G.A. § 14-11-309, does hereby consent to the following acts and resolutions being taken and adopted without a meeting and hereby directs that this written consent be filed with the minutes in the minute book of the Company.

## ADOPTION OF ARTICLES OF ORGANIZATION

RESOLVED, that a copy of the Articles of Organization of the Company, dated August 25, 2017, certified by the Secretary of State of the State of Georgia as being a true and correct copy of such Articles of Organization as filed with such Secretary, shall be filed in the minute book of the Company, and that such articles be, and the same hereby are, approved and adopted as the Articles of Organization of the Company.

## RATIFICATION OF ACTIONS OF ORGANIZER

RESOLVED, that the actions of the organizer of the Company in organizing the Company be, and they hereby are, ratified and approved. It is further resolved that the organizer be reimbursed by the Company for his pre-organization expenses.

## ADOPTION OF OPERATING DECLARATION

RESOLVED that the operating declaration, a copy of which is attached hereto, and placed in the minute book of the Company, be, and hereby is, approved and adopted as the operating declaration of the Company and that the secretary be, and hereby is, directed to place a copy of the operating declaration in the minute book of the Company.

## BANK ACCOUNT

RESOLVED that ____________________, is hereby designated as the depository for the funds of the Company, and that the form resolutions authorizing the establishment of an account with said bank are hereby approved and adopted and that a copy of such resolutions shall be filed in the minute book of the Company.

FURTHER RESOLVED that the Company may designate as many depositories for funds as are deemed necessary by the president of the Company and that the form resolutions authorizing the establishment of an account with any such bank are hereby approved and adopted, and a copy of such resolutions shall be filed in the minute book of the Company.

## ADOPTION OF SEAL

RESOLVED, that the form of seal submitted to the members, and it hereby is, approved and adopted as and for the company seal of Tennessee Holding Investments, LLC and that an impression thereof be made on the margin of these minutes.

## ADOPTION OF MEMBERSHIP CERTIFICATE

There was presented to the member a specimen of a proposed certificate to represent the ownership of an interest in the Company. Upon motion duly made, seconded, and unanimously carried, it was

RESOLVED, that the specimen form of certificate which has been presented at this meeting be, and the same hereby is, approved and adopted as the certificate to represent the ownership of an interest in the Company; and it was further

RESOLVED, that the specimen certificate so presented to the meeting be annexed to the minutes thereof.

ADMISSION OF MEMBERS

RESOLVED, that upon receipt of consideration therefore, certificates representing ownership in the Company be issued by the Secretary of the meeting as follows:

| NAME AND ADDRESS | INTEREST IN THE COMPANY |
|---|---|
| Harshad Patel<br>7731 Nashville Street<br>Ringgold, GA 30736 | 100% |

and it was

FURTHER RESOLVED that the member of the Company be, and each of them hereby is, authorized and directed to take any and all actions, execute any and all documents, agreements, and instruments, make any an all filings and expenditures, and take any and all steps deemed necessary or desirable, or appropriate in order to carry out the purpose and intent of and to consummate any of the actions contemplated by any of the foregoing resolutions in the name of and on behalf of the Company.

IN WITNESS WHEREOF, the undersigned has caused this written consent to be executed this 25th day of August, 2017.

APPROVED:

Harshad Patel, Member.




EXHIBIT
tabbies
C