Exhibit 4

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**** | DOCKET NUMBER<br>CH-20-1385-I |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Georgia Gaming Investment, LLC, et al. | Chicago Title and Trust Company |

TO: (NAME AND ADDRESS OF DEFENDANT)

Chicago Title and Trust Company
10 South LaSalle Street
Suite 3100
Chicago, Illinois 60603

Method of Service:

- ☐ Shelby County Sheriff
- ☐ Private Process Server
- ☐ Out of County Sheriff*
- ☑ Secretary of State*
- ☐ Comm. Of Insurance*
- ☐ Certified Mail
- ☐ Other

*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED 5 of November, 2020 |
|---|---|
| John R. Anderson, Esq.<br>Grant, Konvalinka & Harrison, P.C.<br>633 Chestnut St., Suite 900<br>Chattanooga, TN 37450-0900 (423) 756-8400 | W. Aaron Hall, Clerk and Master<br>By: ____________<br>Deputy Clerk & Master<br>140 Adams, Room 308 Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand<br>_____ day of __________, 20__ |
| | Sheriff |

CHANCERY COURT SHELBY COUNTY, TENN.

SECRETARY OF STATE 2020 ... 10 AM 8:31

**CERTIFICATION (IF APPLICABLE)**

| I, W. Aaron Hall, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **W. Aaron Hall, Clerk & Master**<br>By: ____________<br>D. C. & M. |
|---|---|

CHANCERY COURT SHELBY COUNTY, TENN.

**Submit one original and one copy for each defendant to be served.

♿ If you need accommodations because of a **disability**, please call the ADA Coordinator at (901)222-2357.

**For questions regarding scheduling or filing, please contact the court.**

**Notice of Personal Property Exemption:**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the__________day of______________________________, 20______at__________________am/pm a copy of the summons and a copy of the Complaint to the following Defendant ______________________________________________

at ______________________________________________________________________

______________________________ By: ______________________________

Signature of person accepting service — Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant__________________________________________because ____________________________

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_________________________.

This______day of______________________, 20 ________

By: Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the________day of________________, 20_______, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-__________________to the defendant________________________________. On the________day of__________________________________, 20________, I received the return receipt, which had been signed by________________________________on the______ day of ______________, 20________. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this_______day of**<br>________________________, 20________ .<br>Signature of____Notary Public or_____ Deputy Court Clerk:<br>______________________________<br>My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process.<br>______________________________ |
| ATTACH RETURN<br>RECEIPT HERE<br>(IF APPLICABLE) | |

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

| | | |
|---|---|---|
| **GEORGIA GAMING INVESTMENT, LLC and TENNESSEE HOLDING INVESTMENTS, LLC,** | * | |
| **Plaintiffs,** | * | **CASE NO.:** CH-20-1389-I |
| v. | * | |
| **CHICAGO TITLE AND TRUST COMPANY,** | * | |
| **Defendant.** | * | |

SHELBY COUNTY CHANCERY COURT
FILED
NOV - 5 2020
W. AARON HALL, C & M
TIME:_______ BY:_______

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT AND FOR ACCOUNTING**

Come Georgia Gaming Investment, LLC ("GGI") and Tennessee Holding Investments, LLC ("THI"), and for Complaint against Chicago Title and Trust Company ("Defendant" or "Chicago Title"), allege and say:

1. Georgia Gaming Investment, LLC is a Georgia limited liability company with its principal place of business located at 5675 Jimmy Carter Boulevard, Suite 10, Norcross, Georgia 30071.

2. Tennessee Holding Investments, LLC is a Georgia limited liability company with its principal place of business located at 7731 Nashville Street, Ringgold, Georgia 30736.

3. Chicago Title and Trust Company is a corporation organized and existing under the laws of the State of Illinois and/or an assumed name and/or subsidiary of a corporation organized under the laws of the State of Illinois. Chicago Title can be served at 10 South LaSalle Street, Suite 3100, Chicago, Illinois 60603.

4. Venue and jurisdiction are proper in this Court.

## FACTUAL BACKGROUND

5. Prior to October 29, 2017, The Porter Casino Resort, Inc. ("PCR"), acting by and through its President and CEO, M. Cole Porter ("Porter"), contacted and approached members and representatives of GGI and THI for the express purpose of soliciting monetary investments in and to PCR in exchange for stock in PCR and other items.

6. Based upon material representations and information provided by PCR and Porter, GGI and THI entered into certain agreements evidencing their intent to invest up to $3,000,000.00 collectively in PCR.

7. In reliance on the representations made by PCR and Porter, together with the terms and conditions of investment agreements entered into by GGI, THI, PCR and Porter, GGI and THI wired $1,500,000.00 of investment funds on behalf of PCR to make a required escrow deposit with Chicago Title on or about September 8, 2017.

8. At the time of the wire transfer referenced herein, Chicago Title had actual knowledge of the role of GGI and THI as investors and putative shareholders in and to PCR and that the escrow deposit was funded directly from and by GGI and THI. Representatives of Chicago Title had multiple communications, both verbal and written, with corporate counsel for GGI and THI regarding the wire transfer, the parties involved and their roles in the transaction between GGI, THI and PCR.

9. At the time the wire transfer was completed to fund the escrow deposit, certain Strict Joint Order Escrow Instructions were executed by and between The Majestic Star Casino, LLC ("Majestic Star"), Chicago Title and PCR (the "Escrow Agreement"), a copy of which is attached hereto and incorporated herein as Exhibit A. The Escrow Agreement provided terms governing the holding and disbursement of the escrow deposit and GGI and THI were intended

third party beneficiaries under the Escrow Agreement. Pursuant to casino purchase documents executed by PCR, GGI and THI, all but a small portion of the escrow deposit was refundable prior to the execution of a formal binding purchase agreement between PCR and Majestic Star.

10. Due to concerns by GGI and THI of PCR's ability to meet the conditions of the investment agreements, GGI and THI requested a refund of the escrow deposit as a partial refund of their investment.

11. PCR, GGI and THI entered into a written agreement (the "Termination Agreement") on or about November 30, 2017, which provided that (1) the investment agreements would be terminated, (2) the sum of $1,500,000.00 would be refunded from PCR to GGI and THI, and (3) a binding written purchase agreement would not be entered into between PCR and Majestic Star which would subject the escrow deposit to potential forfeiture until the requested refund was paid.

12. Based upon concerns over representations made by PCR and an unexplained delay in providing the refund required by the Termination Agreement, counsel for GGI and THI provided written notice to Chicago Title on February 9, 2018, reminding Chicago Title of the role of GGI and THI as investors and putative shareholders in and to PCR, demanding that the escrow deposit be refunded to GGI and THI to provide the refund required by the Termination Agreement and objecting to the escrow deposit being disbursed to PCR or any other third parties without the consent of GGI and THI.

13. GGI and THI learned thereafter that Chicago Title, despite having actual knowledge of the role of GGI and THI as investors and putative shareholders of PCR and as third party beneficiaries under the Escrow Agreement, elected to disburse the escrow deposit to PCR on

or about February 20, 2018, which allowed PCR to withhold such funds and deprive GGI and THI of the same, in breach of its obligations to GGI and THI under the Termination Agreement.

14. PCR has failed and refused to pay or transfer any portion of the escrow deposit to GGI and/or THI in breach of the Termination Agreement and, despite repeated demands for payment by both GGI and THI, PCR continues to withhold said funds.

15. The disbursement of the escrow deposit by Chicago Title to PCR under the facts and circumstances described herein is a breach of the Escrow Agreement to which Plaintiffs are third party beneficiaries. The breach of the Escrow Agreement by Chicago Title has directly and proximately caused damages to GGI and THI because it has deprived them of the $1,500,000.00 refund to which they were entitled.

WHEREFORE, Georgia Gaming Investment, LLC and Tennessee Holding Investments, LLC pray the Court as follows:

A. For judgment against Chicago Title and Trust Company in an amount not less than $1,500,000.00, together with pre-judgment interest as permitted by law;

B. For an accounting of the $1,500,000.00 paid by Chicago Title to The Porter Casino Resort, Inc.; and

C. For such other and further relief to which Plaintiffs might be entitled.

Respectfully Submitted,

GRANT KONVALINKA & HARRISON, P.C.

By: ______________________________

JOHN R. ANDERSON (TN BAR #10732)
HARRY R. CASH (TN BAR #9385)
*Attorneys for Plaintiffs Georgia Gaming Investment, LLC and Tennessee Holding Investments, LLC*
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450-0900
(423) 756-8400 - Telephone
(423) 756-0643 - Facsimile

STRICT JOINT ORDER ESCROW TRUST INSTRUCTIONS

ESCROW TRUST NO.: 2017046690-001 DATE: September 8, 2017

TO: Chicago Title and Trust Company, Escrow Trustee
10 South LaSalle Street – Suite 3100
Chicago, IL 60603
Attention: Andres R. Bardelas, Escrow Administration Manager
E-Mail: andres.bardelas@ctt.com

**Customer Identification**

| | |
|---|---|
| Seller: | The Majestic Star Casino, LLC |
| Purchaser: | The Porter Casino Resort, Inc. |
| Property: | Fitzgeralds Tunica Casino and Hotel, Tunica, Mississippi |
| Approximate Disbursement Date: | October 31, 2017 |

**Deposits**

The sum of One Million Five Hundred Thousand and No/100 Dollars ($1,500,000.00) (the "**Deposit**") representing earnest money.

**Delivery of Deposits**

The Deposit is deposited with the escrow trustee to be delivered by it only upon the receipt of a joint order of the undersigned or their respective legal representatives or assigns.

In no case shall the Deposit be surrendered except upon the receipt of an order signed by the parties hereto, their respective legal representatives or assigns, or in obedience to the court order described below. All deposits shall be disbursed strictly in accordance with this paragraph and shall require the signature of the undersigned parties to this escrow.

**Billing Instructions**

Any escrow trust fee will be shared equally by Purchaser and Seller.

Escrow trust fee shall be waived if closing occurs at Chicago Title Insurance Company.

EXHIBIT A

**PLEASE NOTE:** The escrow trust fee for these joint order escrow trust instructions is due and payable on the disbursement date (which may be amended by joint written direction of the parties hereto). In the event no projected disbursement date is ascertainable, said escrow trust fee is to be billed at acceptance and is due and payable within thirty (30) days from the billing date. Chicago Title and Trust Company will waive the escrow trust fee for these joint order escrow trust instructions in the event the funds on deposit herein are transferred to or disbursed in connection with sale escrow trust instructions or an agency closing transaction established at Chicago Title Insurance Company.

**Investment**

Deposits made pursuant to these instructions may be invested on behalf of any party or parties hereto: Provided, that any direction to escrow trustee for such investment shall be expressed in writing and contain the consent of all other parties to this escrow, and also provided that you are in receipt of the taxpayer's identification number and investment forms as required. Escrow trustee will, upon request, furnish information concerning its procedures and fee schedules for investment.

Except as to Deposits of funds for which escrow trustee has received express written direction concerning investment or other handling, the parties hereto agree that the escrow trustee shall be under no duty to invest or reinvest any Deposits at any time held by it hereunder; and, further, that escrow trustee may commingle such Deposits with other Deposits or with its own funds in the manner provided for the administration of funds under Section 2-8 of the Corporate Fiduciary Act (205 ILCS 620/2-8) and may use any part or all such funds for its own benefit without obligation of any party for interest or earnings derived thereby, if any. Provided, however, nothing herein shall diminish escrow trustee's obligation to apply the full amount of the Deposits in accordance with the terms of these escrow trust instructions.

In the event the escrow trustee is requested to invest Deposits hereunder, Chicago Title and Trust Company is not to be held responsible for any loss of principal or interest which may be incurred as a result of making the investments or redeeming said investment for the purposes of these escrow trust instructions.

WCP

**Compliance with Court Order**

The undersigned authorize and direct the escrow trustee to disregard any and all notices, warnings or demands given or made by the undersigned (other than jointly) or by any other person. The said undersigned also hereby authorize and direct the escrow trustee to accept, comply with, and obey any and all writs, orders, judgments or decrees entered or issued by any court with or without jurisdiction; and in case the said escrow trustee obeys or complies with any such writ, order, judgment or decree of any court, it shall not be liable to any of the parties hereto or any other person, by reason of such compliance, notwithstanding any such writ, order, judgment or decree be entered without jurisdiction or be subsequently reversed, modified, annulled, set aside or vacated. In case the escrow trustee is made a party defendant to any suit or proceedings regarding this escrow trust, the undersigned, for themselves, their heirs, personal representatives, successors, and assigns, jointly and severally, agree to pay to said escrow trustee, upon written demand, all costs, attorney's fees, and expenses incurred with respect thereto. The escrow trustee shall have a lien on the Deposit(s) herein for any and all such costs, fees, and expenses. If said costs, fees, and expenses are not paid, then the escrow trustee shall have the right to reimburse itself out of the said Deposit(s).

**Execution**

These escrow trust instructions are governed by and are to be construed under the laws of the State of Illinois. The escrow trust instructions, amendments or supplemental instructions hereto, may be executed in counterparts, each of which shall be deemed an original and all such counterparts together shall constitute one and the same instrument.

FOR PURCHASER:

M. Cole Porter, C.E.O.
815 E. E.H. Crump Blvd.
Memphis, TN 38126
E-Mail:
cole@theportercasinoresort.com

Signature
:

FOR SELLER:

Taft Stettinius & Hollister LLP
111 East Wacker Drive – Suite 2800
Chicago, IL 60601
Attention: Paul L. Kelley, Esq.
E-Mail: pkelley@taftlaw.com

Signature

ACCEPTED:

CHICAGO TITLE AND TRUST COMPANY, as Escrow Agent

By:

Name:

Title:

21216994.2